NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000840
23-MAY-2014
08:29 AM**

CAAP-12-0000840

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ANDREW E. SHIMKUS, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-12-00225)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

Defendant-Appellant Andrew E. Shimkus (Shimkus) appeals from the Judgment entered on September 13, 2012, in the District Court of the First Circuit (District Court).[1] Shimkus was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2013).[2] We affirm.

---

[1] The Honorable Shirley Kawamura presided.

[2] HRS § 291E-61(a)(3) provides:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

                                    (continued...)

A police officer pulled Shimkus over for speeding, after the officer's laser speed detection device revealed that Shimkus's vehicle was traveling 73 miles per hour (mph) in a 35 mph zone. The officer subsequently arrested Shimkus for OVUII. After placing Shimkus under arrest, the officer read to Shimkus a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Shimkus agreed to take a breath test and refused a blood test. Shimkus's breath test showed that he had a breath alcohol concentration of .176 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit. Shimkus moved to suppress the results of his breath test, and the District Court denied his motion.

On appeal, Shimkus challenges the District Court's denial of his motion to suppress. Shimkus argues that: (1) because the police failed to give him Miranda warnings before reading the Implied Consent Form to him and obtaining his decision on testing, the results of his breath test should have been suppressed as the fruit of a Miranda violation; (2) the results of his breath test should have been suppressed because the police misinformed him of his statutory right to an attorney under HRS § 803-9 (1993); and (3) the results of his breath test should have been suppressed because the police misinformed him of the sanctions for refusing to submit to testing.

We recently rejected the same arguments in State v. Won, No. CAAP-12-0000858, --- Hawai'i ---, --- P.3d ---, 2014 WL 1270615 (Hawai'i App. Mar. 28, 2014) (as amended on May 2, 2014). Based on Won, we conclude that the District Court properly denied

---

2/ (...continued)

. . .

    (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Shimkus's motion to suppress, and we affirm the District Court's Judgment.

DATED:   Honolulu, Hawai'i, May 23, 2014.

On the briefs:


Jonathan Burge
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Robert T. Nakatsuji
Deputy Solicitor General
on the brief for *Amicus Curiae*
State of Hawai'i

Chief Judge

Associate Judge

Associate Judge